UNITED STATES DISTRCT COURT
EASTERN DISTRCT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:20-CR-00276-SRC-JMB |
| BYRON PARGO | ) ) ) ) | |
| Defendants. | ) | |

**GUILTY-PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the Defendant BYRON PARGO, represented by defense counsel KAYLA WILLIAMS, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to the lesser included offense in Count I of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the Defendant's possession with the intent to distribute a mixture or substance of methamphetamine on January 12, 2020, of which the Government is aware at this time.

1

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea.  However, notwithstanding the application or non-application of any Guidelines recommended herein, and irrespective of the advisory range established by the proper application of the Guidelines, the parties agree to make a non-binding sentencing recommendation of 60 months.  The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document nor by the joint sentencing recommendation.

3.   **ELEMENTS:**

As to the lesser included offense in Count I, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

> *One*, the Defendant was in possession of a mixture or substance containing a detectable amount of methamphetamine;
>
> *Two*, the Defendant knew he was in possession of a mixture or substance of methamphetamine; and
>
> *Three*, the Defendant intended to distribute some or all of the mixture or substance of methamphetamine to another person.

4.   **FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.  These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On January 12, 2020, a law enforcement officer with the St. Louis County Police Department responded to 9482 Lewis and Clark Boulevard to assist a law enforcement officer

from the Bellefontaine Neighbors Police Department who conducted a traffic stop due to Byron PARGO slumped at the wheel. 9482 Lewis and Clark Boulevard is located within the Eastern District of Missouri. Officers observed two clear plastic bags containing fentanyl (0.670 grams) located on the front passenger seat of the vehicle.

Officers continued their search of the vehicle for further contraband and found a black backpack in the rear passenger seat. Inside the backpack, officers located a large clear plastic bag containing methamphetamine, a blender with white powder inside, and a black digital scale. Additionally, there were also two bottles of Dormin with multiple capsules inside.

The seized mixture or substance of methamphetamine was tested by a laboratory and found to contain 170.118 grams of methamphetamine. Expert testimony would establish that this amount of methamphetamine is an amount that is inconsistent with an amount possessed purely for personal use, and is consistent with an amount possessed for distribution.

**5.    STATUTORY PENALTIES:**

As to the lesser included offense in Count I, the Defendant fully understands that the maximum possible penalty provided by law to which the Defendant is pleading guilty, is imprisonment of not more than 20 years, a fine of not more than $1,000,000.00, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than three (3) years.

Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with defense counsel, and acknowledges that the guilty plea will not be withdrawn if the Court determines the foregoing statute and Sentencing Guidelines section apply to defendant's sentence. Defendant and the Government retain the right to litigate whether the foregoing statute and Sentencing Guidelines section apply at sentencing.

**6.     U.S. SENTENCING GUIDELINES:  2018 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions that apply:

   A.     **Chapter 2 Offense Conduct:**

      i.     **Base Offense Level:**  The parties agree that the Base Offense Level is **24** as found in Section 2D1.1(c)(8). The parties agree that the quantity of methamphetamine for which the defendant is accountable, including relevant conduct, is at least 50 grams but less than 200 grams of methamphetamine, resulting in the agreed Base Offense Level.  The parties are in agreement that the quantity of fentanyl seized on January 12, 2020 does not affect the offense level.

      ii.    **Specific Offense Characteristics:**  None

   B.     **Chapter 3 Adjustments:**

      i.     **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to the Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.  If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines 3E1.1(b)(2), if applicable, because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of

4

responsibility pursuant to Sentencing Guidelines Section 3E1.1.  The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.  In any event, the parties agree that all of the remaining provisions of the agreement remain valid and in full force and effect.

      **ii.**    **Other Adjustments:** None

    **C.**    **Other Adjustment(s) and Disputed Adjustments:** The parties reach no agreement as to the applicability of any other guidelines provision.  The applicability of any such other provisions shall be left to the determination of the trial court. Both parties are free to advocate for or against the application of any such provisions.

    **D.**    **Estimated Total Offense Level:** The parties estimate the Total Offense Level is **21**, unless the Defendant is a Career Offender. If the Court finds the Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel. Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

Depending on the underlying offense and the Defendant's criminal history, the Defendant could be a Career Offender.  If the Court finds the Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI. The Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that the Defendant is or is not a Career Offender.

5

  **E.** **Criminal History:** The determination of the Defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category.  The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

  **F.** **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.  The parties may not have foreseen all applicable Guidelines.  The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.** **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  **A.** **Appeal:** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

   **i.** **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which Defendant is pleading guilty and whether Defendant's conduct falls within the scope of the statute(s).

   **ii.** **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History.  Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea,

determines a Sentencing Guidelines range, and sentences the Defendant within or above that range.

  B. **Habeas Corpus:**  The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

  C. **Right to Records:**  The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.** **OTHER:**

  A. **Disclosures Required by the United States Probation Office:**  The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

  B. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

  C. **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed.   These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere.  Violation of the conditions of supervised release

7

resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The Defendant understands that parole has been abolished

        **D.**    **Mandatory Special Assessment:**  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing.  Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

        **E.**    **Possibility of Detention:**  The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

        **F.**    **Fines, Restitution and Costs of Incarceration and Supervision:**  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.  The Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

        **G.**    **Forfeiture:**  The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States.  The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

        In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be

tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.  The Defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.  The Defendant's counsel has explained these rights and the consequences of the waiver of these rights.  The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel.  Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the government's case and any defenses.

The guilty plea could impact Defendant's immigration status or result in deportation.  In particular, if any crime to which Defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory.  Defense counsel has advised the Defendant of the possible immigration

9

consequences, including deportation, resulting from the plea.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except

where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

| | |
|---|---|
| 3-9-21 <br> Date | *Nauman Wadalawala* <br> Nauman Wadalawala (#65252MO) <br> Assistant United States Attorney |
| 3-2-21 <br> Date | *Byron Pargo JR* <br> Byron Pargo <br> Defendant |
| 3/9/21 <br> Date | *Kay W* <br> Kayla Williams <br> Attorney for Defendant |